I believe that the magistrate was completely correct in her analysis of the pertinent law and facts. I would, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision. I would, as a result, grant a limited writ of mandamus.
In April of 1995, Ms. Doolittle cut her hand while working as a shipping clerk for Master Marketing Company. Her workers' compensation claim was allowed for laceration of the right hand and reflex sympathetic dystrophy ("RSD") for the right hand. The RSD has left her with little functional use of her right hand. A report from James P. Klejka, M.D., indicates that she is capable only of fingering activity on an infrequent basis with her right hand. Her right hand is her dominant hand.
In refusing to grant permanent total disability, the commission relied upon a vocational report from Roger Livingston, Ph.D. Dr. Livingston claimed to accept the medical restrictions from Dr. Klejka, but then reported Ms. Doolittle capable of various jobs which are clearly outside her physical capabilities if Dr Klejka's restrictions were truly accepted. For instance, Dr. Livingston suggests that Ms. Doolittle is capable of working as an escort-vehicle driver and a preparer (who uses hand tools for cutting and polishing).
Dr. Livingston also used the medical report of George A. Hunter, M.D. Dr. Hunter found Ms. Doolittle capable of sedentary employment in an occupation which involved "minimal use of the right hand."
The Industrial Commission ("commission") found both positive and negative factors to exist in regard to Ms. Doolittle's employment potential. She is sixty-one years old, which was viewed as a negative, but not a determinative factor. She completed high school and has a long history of employment, which were viewed as positive factors. Given the positives and negatives, the commission is particularly in need of accurate vocational information.
I do not view Dr. Livingston's vocational report as being accurate, given its obvious flaws.
Again, I would grant a limited writ of mandamus. Since the majority of this panel does not, I respectfully dissent.